UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

Charles LeWan Moss,

    Plaintiff,

v.                                        Case No. 09-cv-13204

CHARLES LEWAN MOSS,

    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

Before the court is Plaintiff Charles LeWan Moss's *pro se* complaint, filed August 14, 2009. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed *in forma pauperis*. Because the court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1),[1] the court may, and will, summarily dismiss Plaintiff's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

**I.  STANDARD**

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or

---

[1]In his application to proceed *in forma pauperis*, Plaintiff states that he is unemployed, that he has received no money in the last twelve months, that he does not have any money in a checking or savings account, and that he has no other assets. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown*, 207 F.3d at 866.

Even if a plaintiff is not proceeding *in forma pauperis*, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## II. DISCUSSION

Plaintiff brings this suit "in admiralty" alleging a breach of contract. (Compl. at 1, 50.) Plaintiff Charles LeWan Moss, "a Man and a living sole [sic]," alleges he entered into a security agreement with Defendant "CHARLES LEWAN MOSS," a "Legal Entity, a Corporation, a Citizen, and resident of the City of Detroit." (*Id.* at 1.) Plaintiff is the secured party, whereas Defendant is the debtor. (*Id.* at 3.) The agreement purports to constitute "an International Commercial Lien on all property of Debtor Indemnitor on behalf of, and for the benefit of, Secured Party Creditor Indemnitee in the amount of three hundred billion United States silver dollars ($300,000,000,000.00) of .999 fine silver." (*Id.* at 7.) The UCC-1 form associated with the security agreement contains a

warning to "All State, Federal and International Public Officials" stating that it is a "contract in admiralty jurisdiction." (*Id.* at 29.) It goes on to state penalties that can be assessed against public officials for violating the contract, with most offenses carrying a "$2,000,000.00 (Two Million) US Dollars, per occurrence" penalty. (*Id.* at 31-33.) The "contract" gives officials thirty days to respond; otherwise, the "presumptions" in the contract are valid. (*Id.* at 29.) Plaintiff alleges that Defendant has been unable to place this document in the public record in breach of the agreement. (*Id.* 7.) Because the document has not been placed on the record, Plaintiff alleges that he is being denied "his remedy as provided for by H J R 192(2) 1933." (*Id.* 8.) Plaintiff is requesting "the court to order a Summary Judgment in favor of Plaintiff and against Defendant, ordering that the Commercial Security Agreement and all related documents be entered into record. Thereby providing Plaintiff with his remedy." *(Id.)*

The court finds that Plaintiff's complaint is frivolous because it lacks an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325. "Charles LeWan Moss" (the person, in uppercase and lowercase letters) is alleging that he entered into a security agreement for $3 billion silver dollars with "CHARLES LEWAN MOSS" (the entity, in all uppercase letters) of the same address. (Compl. at 1,7.) The UCC-1 form appears to be an attempt to enter into a contract with public officials and then potentially levy fines against them for various "violations." (*Id.* at 31-32.) In addition, in Plaintiff's complaint, he references "H J R 192(2) 1933," which is an apparent reference to House Joint Resolution 192 (1933), a resolution that "provided for the suspension of the gold standard." *Clark v. Romanowski*, No. 1:07-cv-1061, 2008 WL 2757805, at *2 (W.D. Mich. 2008). Plaintiff alleges he cannot receive his remedy provided for by this

resolution unless the documents are filed. (Compl. at 2.) These allegations are "fantastic" and "delusional." *Brown*, 207 F.3d at 866. Because Plaintiff does not have even an arguable claim to relief, the court will dismiss Plaintiff's complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) as frivolous.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: September 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 9, 2009, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522